### RABINOWITZ et al. v. COHEN.

*(Common Pleas of New York City and County, General Term.   February 1, 1892.)*

1. ACTION FOR DECEIT—MEASURE OF DAMAGES—PROSPECTIVE PROFITS.
    In an action for fraud and deceit in procuring plaintiffs to manufacture certain goods, the measure of damage is the actual cost of their manufacture, to which cannot be added the prospective profit on the goods.

2. SAME—ORDER FOR FICTITIOUS FIRM—BONA FIDES OF PERSON ORDERING.
    A person who gives an order for the manufacture of goods in the name of a fictitious firm, at the suggestion of a third person, will be liable for the cost of such manufacture, in an action for fraud and deceit, though he was not aware at the time that no such firm was in existence.

Appeal from fourth district court.

Action by Isaac Rabinowitz and others against Simon Cohen.   From a judgment for plaintiffs, defendant appeals.   Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*A. A. Sarasohn,* for appellant.   *Louis Levene,* for respondents.

BISCHOFF, J.   In an action for damages for fraud and deceit, the measure is not what plaintiff would have realized had the representations shown to be false been true, but what he has lost by reason of the deceit.   Defendant is bound to make good the loss sustained, such as moneys that plaintiff has paid out and interest, and any other outlay legitimately attributable to defendant's fraudulent conduct; but this liability does not include the expected fruits of an unrealized speculation.   *Smith* v. *Bolles,* 132 U. S. 125, 10 Sup. Ct. Rep. 39. The claim was that defendant, as the pretended agent of Steinberg & Co., a fictitious firm, had falsely and fraudulently induced plaintiffs to enter into a contract for the manufacture and sale to them of 400 paper boxes, at the agreed price of $12 per hundred; and there was evidence to the effect that the cost of labor and material was $10 per 100, or $40 for the 400.   The judgment was for $40, and it seems, therefore, that the proper measure of damages was applied by the trial justice.   The judgment, however, appears to be excessive in another respect.   It was conceded that the first 200 boxes were ordered by the defendant, who at the time represented himself as authorized by Steinberg & Co., of 212 Stanox street, Brooklyn, to make the contract for the manufacture and sale of such boxes to them.   It was also conceded that there was, as a matter of fact, no such firm as Steinberg & Co., and that defendant made the representations to and contract with plaintiffs at the suggestion of one Moses Diskin, a rival manufacturer.   It was immaterial that the defendant did not at the time know Steinberg & Co. to be fictitious.   His representation that, as the agent of Steinberg & Co., he was authorized to conclude a con-

tract for the sale and manufacture of paper boxes to them, implied that they were an actual and existing firm, and plaintiffs were thereby induced to give them credit in undertaking the expenditures necessary in the manufacture of the boxes. That defendant acted in good faith in making the representation is no defense, for he who deliberately represents that to be true which he does not know to be true, and induces another to act thereon, is to be placed in the same category with him who represents that to be true which he knows to be false, (5 Amer. & Eng. Enc. Law, "Deceit," 319; Story, Eq. Jur. § 193;) and, where the facts represented are of such a nature that the party making the representation may be assumed to have personal knowledge of them, proof of their falsity is sufficient evidence of his knowledge of the falsity of the representation when it was made, (*Morgan* v. *Skiddy*, 62 N. Y. 319.) As to the remaining 200 boxes, however, it appears that plaintiffs were induced to proceed with their manufacture by reason of the receipt by mail of a postal-card from "*Steinberg & Co.*" bearing an order to that effect. It was conjectural only that the postal-card emanated from defendant. There was no evidence to that effect, and the uncontradicted testimony of Diskin, a witness for the defense, was that the witness was the author of the postal-card. The judgment appealed from should therefore be reversed, with costs to the appellant, unless respondents stipulate to reduce the judgment to $20 and the costs of the court below; and, upon filing such a stipulation, the judgment will be affirmed as reduced, without costs of this appeal to either party.